JOEL D. SIEGEL (Bar No. 155581)
joel.siegel@dentons.com
JOSHUA KROOT (Bar No. 291371)
joshua.kroot@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, California 90017-5704
Telephone: (213) 623-9300
Facsimile: (213) 623-9924

Attorneys for Plaintiff
TURTLE ENTERTAINMENT GMBH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TURTLE ENTERTAINMENT GMBH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AZUBU NORTH AMERICA, INC.,<br><br>　　　　Defendant. | Case No. 2:17-cv-441<br><br>**COMPLAINT FOR BREACH OF CONTRACT** |

　　Plaintiff TURTLE ENTERTAINMENT GMBH ("ESL"), by and through its undersigned attorneys, brings this action against Defendant AZUBU NORTH AMERICAN, INC. ("Azubu"), and alleges as follows:

## PARTIES

　　1.　Plaintiff Turtle Entertainment GmbH is a corporation incorporated under the laws of Germany. Accordingly, Turtle Entertainment GMBH is a citizen of Germany.

　　2.　Upon information and belief, defendant Azubu North American, Inc. is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Los Angeles. Accordingly, upon information and belief, Azubu North American, Inc. is a citizen of Delaware and California.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because: (1) there is complete diversity of citizenship between ESL and Azubu; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Azubu because: (1) Azubu is a citizen of California; (2) Azubu entered into the agreement related to Azubu's business in California; (3) the Parties' dispute arises out of Azubu's obligations under the agreement; and (4) Azubu defaulted on its obligations in California.

5. This Court is the proper venue for this dispute pursuant to 28 U.S.C. § 1391 because California is Azubu's principal place of business and residence, and because a substantial part of the events giving rise to ESL's claims occurred in the Central District of California.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

6. ESL hereby incorporates by reference each and every allegation contained in paragraphs 1 through 5 above.

7. ESL is a provider of eSports content. eSports is a new and rapidly-growing spectator sport centered on competitive and professional video gaming. It has an audience of over 225 million people and is expected to generate an estimated $493 million in revenue in 2016.

8. Azubu purports to be a provider of "media content, streaming live and on demand eSports action, programming, news and analysis."

9. On March 3, 2016 Azubu entered into an agreement with ESL (the "Agreement"). According to the terms of the Agreement, ESL was to provide licensed content to Azubu in consideration for a minimum guarantee of $3,000,000 ($1,500,000 per contractual year).

10. The agreement was properly executed and constitutes a valid and enforceable written contract.

11. ESL performed all promises, covenants and conditions in accordance with the Agreement, including providing content to Azubu that Azubu acknowledged and accepted.

12. Azubu, however, has failed to perform its obligations under the agreement. On May 4, August 15, September 30, and December 15, 2016 ESL and its wholly-owned subsidiary Four Media Network GmbH ("4Media") transmitted invoices to Azubu for payments due under the Agreement. Payment of each invoice was due within 14 days. Yet, despite numerous reminders and several demands from ESL and 4Media, Azubu has failed to make even a single payment due under the Agreement.

13. In failing to perform its obligations under the Agreement, Azubu breached, and is continuing to breach, the Agreement.

14. Azubu's breach of the agreement caused, and continues to cause, ESL damage by, among other things, denying ESL at least $1,500,000 owed under the agreement for contractual year 2016.

## **PRAYER FOR RELIEF**

WHEREFORE, ESL prays for judgment against Azubu as follows:

A. For damages in an amount not less than $1,500,000, according to proof at trial;

B. For costs of suit incurred herein; and

C. For such other and further relief as the Court may deem just and proper.

Dated: January 18, 2017     DENTONS US LLP

By: /s/ Joshua Kroot
    Joel D. Siegel
    Joshua Kroot

Attorneys for Plaintiff
TURTLE ENTERTAINMENT GMBH